# ORIGINAL

ANTHONY H. YUSI
Attorney At Law
A Law Corporation

ANTHONY H. YUSI   #2104
Suite 322, Dillingham Transportation Building
735 Bishop Street
Honolulu, Hawaii 96813
Attorney for Defendant
Keone Joely Manoa

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 6 2006

at _8_ o'clock and _34_ min. _AM_
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KEONE JOELY MANOA,<br><br>    Defendant. | ) CR. NO. 04-00204-01 HG<br>)<br>) DEFENDANT KEONE JOELY<br>) MANOA'S MEMORANDUM IN<br>) RESPONSE TO OSC AND HIS<br>) REQUEST THAT HIS SUPERVISED<br>) RELEASE SHOULD NOT BE<br>) REVOKED; CERTIFICATE OF<br>) SERVICE<br>)<br>)<br>) Hearing Date: <u>March 16, 2005</u><br>)<br>) Time:   <u>1:30 p.m.</u><br>)<br>) Judge:  The Honorable Chief<br>)     U.S. District Court<br>)     <u>Judge Helen Gillmor</u> |

## DEFENDANT KEONE JOELY MANOA'S MEMORANDUM IN RESPONSE TO OSC AND HIS REQUEST THAT HIS SUPERVISED RELEASE <u>SHOULD NOT BE REVOKED</u>

Defendant Keone Joely Manoa, through his counsel undersigned, hereby files his memorandum in response to the order to show cause requesting that his supervised release not be revoke, and, instead, the Court leave in place the presently scheduled hearing date of May 12, 2006 for the

Court's decision on the Order To Show Cause at that time, for the following reasons.

At the outset, by filing this memorandum, Defendant Manoa does not wish to imply to the Court that he is seeking to minimize, rationalize, or make excuses for his conduct. Nor does Defendant Manoa wish to suggest that he does not fully appreciate and understand the seriousness of his conduct. Instead, the purpose of this memorandum is to respectfully request that the Court postpone its decision on the Order To Show Cause for the reason that Defendant Manoa is a person who is amenable and has been benefiting from supervised release and is a person who is corrigible and can become a law-abiding and productive member of this community. Some evidence of this is the fact that since the date that this matter has been before this Court, Defendant Manoa has remained completely free from drug use; first, during his approximately three months while at FDC, second, the approximately six weeks while at the Salvation Army' ARC Program Honolulu ("ARC Program"), and third, most recently, the approximately five weeks since his medical discharge from the ARC Program on February 2, 2006 while he has been on his own.

By this memorandum, Defendant Manoa wishes to provide to the Court with some additional information of a positive nature concerning his activities since his medical discharge from the ARC Program that reflects some degree of responsibility and commitment on his part, in hope that the Court may then be inclined to delay its decision on the OSC until the May 12, 2006 hearing date as requested.

Discharge from ("Salvation Army")

As noted by the Probation Officer, Defendant Manoa had successfully completely approximately six weeks of residential treatment at the ARC Program when on Thursday, February 2, 2006 he was medically discharged by that facility because of a back condition. It was the program's decision

2

and not Defendant Manoa's who was willing to continue his progress in the program and perform work that he was physically able to do if permitted. Upon his discharge Defendant Manoa became homeless. He was on Oahu an island not his home, unfamiliar with streets and locations, without family, without work, without the means to support or shelter himself, and without any money. He made the responsible and correct decision and contacted his Probation Officer who scheduled an appointment for Friday the next day. The appointment had to be rescheduled by the Probation Officer until the following Monday, February 6, 2006 at the direction of the Probation Officer. Unfortunately, there was no way to communicate this to Defendant Manoa who was without phone or place to live but it was felt that Defendant Manoa would be informed of the change of the appointment date when he came to the Probation Office on Friday for the originally scheduled meeting. To his credit, Defendant Manoa did keep the Friday appointment and was thereupon informed of the change of the appointment date to February 6, 2006.

On February 6, 2006, and on each and every other date scheduled by the Probation Officer for a meeting, including February 8, 10, 13, and 3/13, Defendant Manoa has kept all appointments with his Probation Officer, canceling none and missing none. During this period he recalls undergoing three urinanalysis at the Probation Office, all tests proving negative for drug use.


**Freedom Recovery Services, Inc.**

Pursuant to the instructions and assistance of the Probation Officer, Defendant Manoa contacted Freedom Recovery Services, Inc. (FRS) and began participation with that program on February 9, 2006. FRS has provided Defendant Manoa with substantial assistance and he has been in compliance with the program's requirements which included five classes per week for the first two weeks, then three classes per week which he was

3

currently in the process of doing, and he was thereafter scheduled for two classes per week. FRS "Daily Treatment Log" documents Defendant Manoa's attendance beginning on 2/9 then continuing on 2/10, 2/11, 2/12, 2/13, 2/15, 2/17 (two appointments in the same day), 2/18, 2/19, 2/20, 2/22, 2/24, 2/25, 2/26, 2/27, 3/5, 3/6, 3/8, and 3/13. The log documents most of the classes lasting for three hours and a few for two and a half hours, none less than two and a half hours. FRS's logs also document urinanalysis performed on February 14, 24, and March 8, 2006, all with negative results for drug use.

### Oxford House

Pursuant to instructions from his Probation Officer and FRS, Defendant Manoa was required to find and be accepted to a "clean and sober house". With the suggestion of his Probation Officer, Defendant Manoa made contact with the Oxford House located at 1566 Violet Street (Kalihi Valley) and met with the residents of that house on the evening of February 14, 2006 for an interview, was accepted into the house, and that is where he presently maintains his residence.

### AA/NA Meetings

Defendant Manoa begin attending AA/NA meetings while still at the ARC Program. While at that program he was given a list that contained the names and locations of various AA/NA meeting groups. Defendant Manoa has continued attending AA/NA meetings. FRS requires that he attend meetings three times a week. His Oxford House residence requires that he attend meetings daily. Since being medically discharged from the ARC Program, Defendant Manoa recalls attending at least 24-25 meetings, sometimes two or three meetings a day at "Came To Believe" (Vineyard Blvd.), "Malia" (Kalihi), "Twelve Coconuts" (Waikiki), "Bad Brains" (Diamond Head), "Downtown Launching" (Downtown Honolulu), and various other meeting places. These meetings are documented in papers he has and that

4

has been secured along with his personal belongings at his Oxford House residence.

**Other Efforts**

Since February 2, 2006, Defendant Manoa has secured a State ID, a Bus Pass, and with the assistance of FRS he has re-registered for State financial and food stamp aid, and he has registered with the State's DVR program. He completed his orientation with DVR and has seen his counselor. His most recent meeting with his DVR counselor was on the morning of March 13, 2006, at which time Defendant Manoa understood that he completed the final items of paperwork needed to be completed and which now allows him to be assigned a doctor to begin a psychological evaluation, with Defendant Manoa's ultimate goal being to obtain a commercial driver's license (CDL) and gain entry into a heavy equipment operator's union.

Conclusion

For these reasons, Defendant Manoa respectfully requests that the Court postpone its decision on the OSC until the May 12, 2006 hearing and not revoke supervised release, requiring in the interim that Defendant Manoa comply fully and completely with all terms and conditions of his supervised release, including following all instructions and directions from his Probation Officer, continuing and completing the FRS program, residing in a clean and sober house, and not operating any motor vehicle without first having obtained a valid license to do so, and any other term or condition the Court feels appropriate and necessary to impose.

Date: Honolulu, Hawaii, March 16, 2006.

Anthony H. Yusi
Attorney for Defendant
Keone Joely Manoa

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00204-01  HG |
| ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| ) | |
| vs. ) | |
| ) | |
| KEONE JOELY MANOA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing was duly served upon the following parties by hand-delivery to the following at their respective addresses below:

Leslie E. Osborne Jr.
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawai'i  96850
Attorney for Plaintiff

J. Martin Romualdez
U.S. Probation Officer
Federal Probation Office
Room C-110, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawai'i  96850

Dated:  Honolulu, Hawai'i, March 16, 2006.

Anthony H. Yusi
Attorney for Defendant
Keone Joely Manoa