Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 30 2007

at ___ o'clock and ___ min, ___ M.
SUE BEITIA, CLERK

U.S.A. vs. KEONE JOELY MANOA                    Docket No. CR 04-00204HG-01

### REQUEST FOR COURSE OF ACTION
#### (Statement of Alleged Violations of Supervised Release)

COMES NOW DEREK M. KIM, Senior U.S. Probation Officer of the Court, presenting an official report upon the conduct and attitude of KEONE JOELY MANOA who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 27th day of January 2005, who fixed the period of supervision at three (3) years and imposed the general terms and conditions thereofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant provide the Probation Office access to any requested financial information.

2.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

The offender's original term of supervised release commenced on 2/16/2005.

On 7/5/2005, the Court modified the offender's conditions of supervised release to include the following special conditions based on the offender's failure to submit to drug testing, failure to follow instructions, and submitting a urine specimen that tested positive for methamphetamine.

3.  That the defendant shall participate in a substance abuse treatment program, which may include drug testing, at the discretion and direction of the Probation Office.

4.  That the defendant shall complete 80 hours of community service at the discretion and direction of the Probation Office.

Based on a number of violations, the offender appeared before the Court on 9/6/2005 pursuant to an Order to Show Cause Why Supervised Release Should Not Be Revoked. The Court continued the hearing to give the offender an opportunity to enter a residential substance abuse treatment


SEALED

Prob 12C
(Rev. 3/95 D/HI)

2

program.  On 12/16/2005, the Court released the offender to The Salvation Army Adult Rehabilitation Center for residential treatment.  The Court also modified the conditions of supervised release with respect to drug testing to comply with the requirements of United States v. Stephens.  In addition, the Court imposed the following special condition:

5.   That the defendant participate in and complete the residential substance abuse treatment program at The Salvation Army Adult Rehabilitation Center on Oahu until clinically discharged, which may include an outpatient aftercare treatment component after completion of the residential treatment component.

On 3/16/2006, the offender's supervised release was revoked for the following violations: 1) refusal to comply with drug testing on 5/22/2005; 2) failure to follow the Probation Officer's 5/22/2005 instructions; 3) urine specimen submitted on 6/16/2005 tested positive for methamphetamine; 4) failure to notify change in residence within 10 days prior to on or about 5/6/2005 and 7/15/2005; 5) failure to notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer in July 2005; 6) engaged in conduct constituting Driving Without a License on or about 2/3/2006 and 3/1/2006; 7) failure to truthfully answer the Probation Officer's 2/28/2006 inquiries; 8) failure to follow the Probation Officer's 3/1/2006 instructions; 9) engaged in conduct constituting Driving Without a License on or about 7/26/2005; and 10) failure to truthfully answer the Probation Officer's 3/8/2006 inquiries.  The offender was subsequently sentenced to 12 months imprisonment followed by 24 months supervised release with the following special conditions:

1.   That the defendant shall participate in and comply with substance abuse treatment, which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.   That the defendant serve 6 months community confinement, in a community corrections center such as Mahoney Hale, or Clean & Sober House, as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

3.   That the defendant shall remain on the island of Oahu throughout the term of his supervised release, unless otherwise approved by the Probation Office.  The defendant must demonstrate that he has a suitable residence and verifiable employment at his proposed destination.

4.   That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

5.   That if the defendant fails to secure gainful employment within two (2) months of his release from prison, the defendant shall be required to perform eighty (80) hours of community service as directed by the Probation Office.

Prob 12C
(Rev. 3/95 D/HI)

3

6.  That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 11/24/2006, the offender's second term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

### Alleged Violation(s) of Supervised Release

That the offender has violated the conditions of his Supervised Release (Judgment attached) as follows:

1.  The offender refused to submit to drug testing as part of his substance abuse treatment regimen on 12/15/2006, in violation of Special Condition No. 1.

2.  The offender failed to immediately notify the Probation Officer of his change in employment in January 2007, in violation of Standard Condition No. 6.

3.  The offender refused to participate in substance abuse treatment on 4/24/2007, in violation of Special Condition No. 1.

4.  The offender failed to follow the Probation Officer's 7/6/2007 instruction, in violation of Standard Condition No. 3.

5.  The offender refused to submit to drug testing as part of his substance abuse treatment regimen on 10/20/2007, 11/10/2007 and 11/19/2007, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the offender be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓]    The issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

[ ]    Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/27/2007

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the offender be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and the Petition to be sealed for other than law enforcement purposes and until such time that the offender has been arrested and the warrant duly executed.

Considered and ordered this 27th day of November 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:    **MANOA, Keone Joely**
       **Docket No. CR 04-00204HG-01**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

On 1/27/2005, the offender was sentenced to 13 months imprisonment followed by 3 years supervised release after having been convicted of Prohibited Person in Possession of a Firearm and Ammunition, a Class C felony.

On 2/16/2005, the offender's original term of supervised release commenced on the island of Hawaii.  On 5/16/2006, his supervision was revoked for violations noted on the face page of the petition.  The offender was subsequently sentenced to 12 months imprisonment followed by 24 months supervised release with special conditions.

On 11/24/2006, the offender's second term of supervised release commenced here in Honolulu at Mahoney Hale, a community corrections center.

Since then, the offender's compliance has been less than satisfactory given his sporadic employment and the violations before this Court.  In this regard, while the offender secured employment in December 2006 while at Mahoney Hale, he terminated that employment in less than a month and was unemployed in January and February 2007.  Subsequently, while employed with Close Construction between March and June 2007, the offender was working less than 40 hours per week and not working at all for Close Construction from 6/22/2007 until 7/18/2007.  However, the offender did work for Wailana Coffee House for approximately 15 hours in July 2007.  Thereafter, he returned to work at Close Construction in August 2007.  However, the offender has not worked since approximately 8/31/2007.

### Violation No. 1 - Refusal to Submit to Drug Testing as Part of Substance Abuse Treatment Regimen:

On 12/5/2006, the offender was instructed to commence drug testing as part of substance abuse treatment at Freedom Recovery Services, Inc. (FRS).

On 12/18/2006, FRS informed the Probation Office that the offender failed to submit to drug testing as part of substance abuse treatment on 12/15/2006.

### Violation No. 2 - Failure to Immediately Notify the Probation Officer of Change in Employment in January 2007:

On 11/24/2006, the offender's term of supervised release commenced at Mahoney Hale.  As required by the conditions of supervision and the program rules of Mahoney Hale, the offender was required to immediately find employment.  In mid-December 2006, the offender commenced employment at Team Clean, Inc., in

Re:    **MANOA, Keone Joely**
       **Docket No. CR 04-00204HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

Honolulu.  However, on 1/17/2007, Mahoney Hale informed the offender's probation officer, J. Martin Romualdez (PO Romualdez), that the offender was no longer employed by Team Clean, Inc., and that the offender had failed to notify them of his unemployment status.  On 1/22/2007, PO Romualdez met with the offender at Mahoney Hale to discuss his employment situation.  According to PO Romualdez, the offender reportedly terminated his employment because he was required to perform janitorial services despite the fact that he was hired to operate a forklift.  Subsequently, PO Romualdez instructed the offender to immediately find any full-time employment.

Based on the offender's unilateral termination of his employment in January 2007, the offender was required to immediately contact PO Romualdez of his change in employment on the date he terminated his employment.  However, as reflected above, PO Romualdez learned of the offender's change in employment through Mahoney Hale sometime after the employment change, and the offender did not discuss the issue with PO Romualdez until 1/22/2007.

### Violation No. 3 - Refusal to Participate in Substance Abuse Treatment on 4/24/2007:

The offender commenced substance abuse treatment at FRS on 12/21/2006.

On 4/27/2007, FRS notified PO Romualdez that the offender failed to report for individual counseling on 4/24/2007 and later left a message on 4/26/2007 that he missed his session because he got "stuck in traffic."

### Violation No. 4 - Failure to Follow the Probation Officer's 7/6/2007 Instruction:

On 7/6/2007, the offender reported to the Probation Office to meet with PO Romualdez as instructed.  The meeting was to discuss in part, the offender's tenuous employment and job search situation.  Specifically, the offender was told that if he was not working by 7/9/2007, he would be required to find employment and not rely on his unstable employment with Close Construction.  Thereafter, PO Romualdez instructed the offender to report to the Probation Office on 7/9/2007 at 11:00 a.m.

On 7/9/2007, at approximately 4:49 p.m., the offender left PO Romualdez a voice mail message indicating that he was not sure whether he had an appointment with PO Romualdez, but if he did, he apologized.  The offender further reported that he was still not working, but was on his way to FRS to submit to drug testing.

Re:   **MANOA, Keone Joely**
**Docket No. CR 04-00204HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**


At approximately 5:04 p.m., PO Romualdez advised the offender that he was in violation for failing to report to the office earlier that morning at 11:00 a.m. PO Romualdez subsequently instructed the offender to report the following day.

### Violation No. 5 - Refusal to Submit to Drug Testing as Part of His Substance Abuse Treatment Regimen on 10/20/2007, 11/10/2007 and 11/19/2007:

On 12/5/2006, the offender was instructed to commence drug testing as part of his substance abuse treatment at FRS.

On 10/22/2007, FRS informed the Probation Office that the offender failed to report for drug testing on 10/20/2007. On that same date the notification was received, Timothy M. Jenkins, Supervising U.S. Probation Officer (SUSPO Jenkins) left a voice mail message for the offender to contact him to discuss his missed drug test on 10/20/2007. On 10/25/2007, the offender contacted SUSPO Jenkins. During the conversation, SUSPO Jenkins advised the offender of the missed 10/20/2007 drug test at FRS. SUSPO Jenkins also admonished the offender for his violation and advised him that the Probation Office will suspect illicit drug use if he refuses to report for drug testing as required. The offender was subsequently instructed to report to the Probation office on 10/26/2007. On 10/26/2007, the offender reported to the Probation Office and met with SUSPO Jenkins. The offender was advised in part that strict compliance with drug testing was required and that further missed drug tests would not be tolerated. The offender acknowledged SUSPO Jenkins' warning.

On 11/13/2007, FRS informed this officer that the offender failed to report for drug testing on 11/10/2007. Thereafter, this officer left a message for the offender to contact this officer. On 11/14/2007, the offender contacted this officer. This officer advised the offender that he was in violation of his supervision for refusing to submit to drug testing at FRS on 11/10/2007. When questioned regarding the violation, the offender reported that he was unaware that he had drug testing on 11/10/2007. The offender further reported that he called for drug testing on a daily basis.

On 11/23/2007, FRS informed this officer that the offender failed to report for drug testing on 11/19/2007. Thereafter, this officer contacted the offender and questioned him about the missed 11/19/2007 drug test. The offender reported that he did not have a drug test on 11/19/2007 and that he called for drug testing daily. Thereafter, this officer questioned the offender as to whether he had to submit to drug testing that day, 11/23/2007. The offender reported that he "wasn't sure." Consequently, this officer advised the offender that it was apparent that he was not

Re:    **MANOA, Keone Joely**
       **Docket No. CR 04-00204HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**

calling for drug testing on a daily basis to determine whether he had drug testing the following day.  This officer subsequently advised the offender that the Court would be notified of his missed drug tests on 10/20/2007, 11/10/2007 and 11/19/2007.  This officer further advised the offender that given the three missed drug tests, he has not submitted to a single drug test at FRS since 10/3/2007.

In light of the aforementioned violations, it does not appear the offender is amenable to supervision.  After having his original supervision revoked in March 2006, the offender was well aware of what was required of him upon his release for supervision in November 2006.  At a minimum, he was required to have full-time employment and strictly comply with substance abuse treatment and testing.  However, based upon the noted violations, it is apparent that the offender continues to disregard his supervision conditions.  Additionally, it suggests the offender does not appreciate his legal situation and the consequences of noncompliance.  In this regard, while the offender had sporadic employment since his release in November 2006, he has not worked since 8/31/2007, and has not submitted to drug testing as part of his substance abuse treatment at FRS since 10/3/2007.

Finally, the offender's actions or inactions suggest that he has not learned from his previous experience with the Court.  In this regard, the offender continues to use excuses which were not acceptable to the Court during his prior supervision.  Therefore, the nature and pattern of the offender's violations, when taken in the context of his prior supervision history, indicate the offender poses an unacceptable risk to the

Re:    **MANOA, Keone Joely**
       **Docket No. CR 04-00204HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 5**

community.  Consequently, it is requested that the Court issue a No Bail warrant and that the offender be brought before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

DMK/pts

Re:   **MANOA, Keone Joely**
      **Docket No. CR 04-00204HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 6**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

AO 245D (Rev. 8/96)  Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 21 2006

at 3 o'clock and 15 min P M
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA

v.      '06 MAR 21 P3:31

**KEONE JOELY MANOA**

(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number:     **1:04CR00204-001**
USM Number:          91233-022

**Anthony H. Yusi, Esq.**
Defendant's Attorney

## THE DEFENDANT:

[✔]  admitted guilt to violation of condition(s) <u>General Condition, Standard Condition No. 3, Standard Condition No. 7, Standard Condition No. 6, Standard Condition No.11,</u> of the term of supervision.

[ ]  was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:     **4959**

Defendant's Residence Address:
**Koloa Road 9**
**Hawaiian Acres, Hawaii 96760**

March 16, 2006
Date of Imposition of Sentence

Signature of Judicial Officer

Defendant's Mailing Address:
**General Delivery**
**Mountain View, Hawaii 96771**

**HELEN GILLMOR**, Chief United States District Judge
Name & Title of Judicial Officer

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii

By_____
Deputy

3.21.06
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

| CASE NUMBER: | 1:04CR00204-001 | Judgment - Page 2 of 5 |
|---|---|---|
| DEFENDANT: | KEONE JOELY MANOA | |

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Subject refused to comply with drug testing on 5/22/2005 | |
| 2 | On 5/22/2005, the subject failed to follow the instructions of the Probation Officer | |
| 3 | On 6/16/2005, the subject submitted a urine specimen that tested positive for methamphetamine | |
| 4 | On or about 5/6/2005 and 7/15/2005, the subject changed his residence without notifying the Probation Officer ten (10) days prior to such a change in residence | |
| 5 | In July 2005, the subject failed to notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer | |
| 6 | On or about 2/3/2006, and again on 3/1/2006, the subject engaged in conduct constituting a State of Hawaii crime, to wit, Driving Without a License, in violation of Hawaii Revised Statute §286-102, a petty misdemeanor offense | |
| 7 | On 2/28/2006, the subject failed to answer truthfully all inquiries of the Probation Officer | |
| 8 | On 3/1/2006, the subject failed to follow the instructions of the Probation Officer | |
| 9 | On or about 7/26/2005, the subject engaged in conduct constituting a State of Hawaii crime, to wit, Driving Without a License, in violation of Hawaii Revised Statute §286-102, a petty misdemeanor offense | |
| 10 | On 3/8/2006, the subject failed to answer truthfully all inquiries of the Probation Officer | |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER: 1:04CR00204-001 | Judgment - Page 3 of 5 |
| DEFENDANT: KEONE JOELY MANOA | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 MONTHS .

[ ]    The court makes the following recommendations to the Bureau of Prisons:

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 12/03)  Sheet 3 - Supervised Release

| CASE NUMBER: | 1:04CR00204-001 | Judgment - Page 4 of 5 |
|---|---|---|
| DEFENDANT: | KEONE JOELY MANOA | |

# SUPERVISED RELEASE

*KJM*    Upon release from imprisonment, the defendant shall be on supervised release for a term of 24 MONTHS .

*JM*   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

*JM*   The defendant shall not commit another federal, state, or local crime.

*JM*   The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

*JM*   [✔]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

*JM*   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

*JM*  1)   the defendant shall not leave the judicial district without permission of the court or probation officer;

*JM*  2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

*JM*  3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;

*JM*  4)   the defendant shall support his or her dependants and meet other family responsibilities;

*JM*  5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

*JM*  6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;

*JM*  7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

*JM*  8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

*JM*  9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

*JM*  10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

*JM*  11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

*JM*  12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

*JM*  13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)  Sheet 3 - Supervised Release

CASE NUMBER:        1:04CR00204-001                                    Judgment - Page 5 of 5
DEFENDANT:          KEONE JOELY MANOA

## SPECIAL CONDITIONS OF SUPERVISION

*KJM*   1.    That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

*KJM*   2.    That the defendant serve 6 months community confinement, in a community corrections center such as Mahoney Hale, or Clean & Sober House, as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

*KJM*   3.    That the defendant shall remain on the island of Oahu throughout the term of his supervised release, unless otherwise approved by the Probation Office. The defendant must demonstrate that he has a suitable residence and verifiable employment at his proposed destination.

*KJM*   4.    That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

*KJM*   5.    That if the defendant fails to secure gainful employment within two (2) months of his release from prison, the defendant shall be required to perform eight (80) hours of community service as directed by the Probation Office.

*KJM*   6.    That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

*KJM*

**ACKNOWLEDGMENT OF CONDITIONS**
I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_Keone Manoa_                          _11/22/06_
Defendant                                  Date

_Martin Remyolder_                     _11-22-06_
United States Probation Officer        Date