IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 04-00204-01  HG |
| ) | |
| Plaintiff, ) | DECLARATION OF COUNSEL |
| ) | |
| vs. ) | |
| ) | |
| KEONE JOELY MANOA, ) | |
| ) | |
| Defendant. ) | |

DECLARATION OF COUNSEL

I, Anthony H. Yusi, do declare as follows:

1. I am the attorney appointed to represent Defendant Keone Joely Manoa in this case.

2. Attached hereto as Attachment "A" is the original of the acceptance letter from Terry Hennessey, Intake Coordinator, of The Salvation Army's Honolulu Adult Rehabilitation Center ("Salvation Army ARC") to the Court confirming that it has accepted Defendant Manoa into its 6-month (180-day) program that includes substance abuse classes, AA and NA meetings, group and individual counseling, as well as work therapy, recreation, and spiritual meetings; with the only condition being that Defendant Manoa is able to come with a full medical release for his back condition.

3. It is my understanding that a full medical release is a requirement that Salvation Army ARC's insurance carrier imposes for the issuance of insurance coverage to the program and applies as a requirement for anyone

entering into the program with a prior medical condition such as Defendant Manoa.

4. In December of 2005 this Court allowed Defendant Manoa to enter into the Salvation Army ARC program as a modification of his supervised release. Pursuant thereto, Defendant Manoa entered into and successfully completed approximately 6 weeks of the program. Unfortunately, at that time and through no fault of Defendant Manoa, he was medically discharged from the program because of a back condition, without the opportunity to complete the program. Since the date of Defendant Manoa's discharge from the program, it is my understanding that Defendant Manoa's back condition is now stable. It is my further understanding that since that date, Defendant Manoa has obtained full medical releases permitting him to engage in full employment. It is my understanding that one of the medical releases was obtained from a Dr. Christian Boyens, M.D. through the coordination of Freedom Recovery Services. It is my understanding that a second medical release was subsequently obtained while Defendant Manoa was a resident at Mahoney Hale.

5. I am requesting a short continuance herein in order to allow me the necessary time to locate either or both of these medical releases or to obtain a copy of the medical releases from the physician(s) or agenc(ies) issuing said medical releases in order to present said medical releases to Salvation Army ARC program and to the Court in an effort to fully and adequately represent Defendant Manoa herein.

6. I am requesting a short continuance of two weeks, or such other period of time that the Court allows, for the reason and purpose so stated and because Defendant Manoa would benefit significantly from being able to complete the full Salvation Army ARC program.

7. On April 28, 2008, I spoke with AUSA Leslie E. Osborne Jr. who informed me that his office has no objection to the requested continuance for

the purpose stated as long as the Court and the Federal Probation Office has no objection to the requested continuance. On April 28, 2008, I thereafter spoke with Federal Probation Officer Derrick Kim who informed me that his office takes no position on the requested continuance.

I declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.

Dated: Honolulu, Hawai'i, April 29, 2008.

Anthony H. Yusi
Attorney for Defendant
Keone Joely Manoa

3