# ORIGINAL

ANTHONY H. YUSI
Attorney At Law
A Law Corporation

ANTHONY H. YUSI   #2104
Suite 322, Dillingham Transportation Building
735 Bishop Street
Honolulu, Hawaii  96813
Attorney for Defendant
Keone Joely Manoa

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 20 2008

at 10 o'clock and 4 min. M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>KEONE JOELY MANOA,<br><br>  Defendant. | ) CR. NO. 04-00204-01  HG<br>)<br>) DEFENDANT KEONE JOELY<br>) MANOA'S MEMORANDUM IN<br>) RESPONSE TO  OSC WHY<br>) SUPERVISED RELEASE SHOULD<br>) NOT BE REVOKED; EXHIBITS "A" –<br>) "B"; CERTIFICATE OF SERVICE<br>)<br>)<br>) Hearing Date: May 22, 2008<br>)<br>) Time:        11:00 a.m.<br>)<br>) Judge:      The Honorable Chief<br>)              U.S. District Court<br>)              Judge Helen Gillmor<br>) |

## DEFENDANT KEONE JOELY MANOA'S MEMORANDUM IN RESPONSE TO OSC WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED

Defendant Keone Joely Manoa, through his counsel undersigned, hereby files his memorandum in response to the order to show cause why his supervised release should not be revoke.

Application Note 6 to the Commentary to the Sentencing Guidelines (U.S.S.G.) provides that "[I]n the case of a defendant who fails a drug test, the court shall consider whether the availability of appropriate substance

abuse programs, or a defendant's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. [Secs.] 3565(b) and *3583(g)*. 18 U.S.C. [Secs.] 3563(a), 3583(d) (*emphasis and brackets added*).  Defendant Manoa respectfully requests that in the context of the alleged violations asserted in his case, this Court similarly consider "whether the availability of appropriate substance abuse programs ... warrant an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. [Sec.] 3583(g)" in his case.

Defendant Manoa has never had the opportunity to *complete* a residential program involving appropriate substance abuse counseling and therapy.  In December of 2005 this Court allowed Defendant Manoa to enter into the Salvation Army ARC program as a modification of his supervised release.  Pursuant thereto, Defendant Manoa entered into and successfully completed approximately 6 weeks of the program.  Unfortunately, at that time and through no fault of Defendant Manoa, he was medically discharged from the program because of a back condition, without the opportunity to complete the program.  Defendant Manoa's back condition is now medically stable and he has been accepted into the Salvation Army's ARC program.

Attached hereto as Exhibit "A" is a true and correct copy of a letter addressed to The Honorable Helen Gillmor and dated May 19, 2008 from Mr. Terry Hennessey who is the Intake Coordinator of The Salvation Army's Honolulu Adult Rehabilitation Center.  [The original of Mr. Hennessey's letter is being submitted directly to the Court with copies to the parties].  Mr. Hennessey confirms the acceptance of Defendant Manoa into The Salvation Army's ARC Program for its 6-month residential program that includes "substance abuse classes, AA and NA meetings, group and individual counseling, as well as work therapy, recreation, and spiritual meetings." Also attached hereto as Exhibit "B" is a copy of the May 14, 2008 medical

clearance from Leonardo F. Giron, M.D., Clinical Director, at FDC-Honolulu that was submitted to The Salvation Army's ARC Program.

Therefore, Defendant Manoa respectfully requests that his supervised release not be revoked and instead that he be allowed to enter and complete the 6-month (180-day) residential social-model program offered and available to Defendant Manoa by The Salvation Army's ARC Program. However, in the event that the Court does revoke his supervised release, Defendant Manoa requests that the Court continue for a further hearing the Court's decision on the imposition of sentence and that during the interim period that the Court permit Defendant Manoa to enter and complete The Salvation Army's ARC program.

Defendant Manoa respectfully requests that the Court allow him to immediately enter into The Salvation Army's ARC Program and thereby secure the space that is presently available so that he can take advantage and benefit from the resources made available through the program, successfully complete the program, satisfy his obligation of supervised release, and return to the community as a fully rehabilitated, productive, and law abiding citizen.

Dated: Honolulu, Hawai'i, May 20, 2008.

Anthony H. Yusi
Attorney for Defendant
Keone Joely Manoa